OFFICE OF THE CLARK COUNTY DISTRICT ATTOR-
NEY, ROBERT J. MILLER, District Attorney,
Appellant, v. THE EIGHTH JUDICIAL DISTRICT
COURT IN AND FOR CLARK COUNTY, THE HON-
ORABLE PAUL S. GOLDMAN, District Judge,
Respondents.

No. 16504

December 31, 1985                          710 P.2d 1384

*Robert J. Miller,* District Attorney, and *James Tufteland,* Dep-
uty District Attorney, Clark County, for Appellant.

*The Honorable Paul S. Goldman,* District Judge of the Eighth
Judicial District Court, Clark County, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court holding
appellant, the Office of the Clark County District Attorney, in
direct contempt of court and imposing a fine of $250.00 against
that office. For the reasons set forth below, we reverse.[1]

---

[1]Appellant's opening brief in this appeal was filed on July 22, 1985. No
answering brief has been filed on behalf of respondents, however, and the

On February 27, 1985, calendar call was scheduled in the criminal case of State v. Shannon, No. C68379. When the case was called, District Judge Goldman inquired whether the parties were ready to go to trial on March 4, 1984, as scheduled.[2] The deputy district attorney replied that the case was being handled by the major violators' section of the district attorney's office, and that he assumed one of the attorneys from that section would be appearing on the case. The deputy district attorney indicated he could not say whether the case was ready to go to trial because he did not have the case file.

The deputy public defender told the court that the defense would probably not be ready to go to trial because she had recently received information which might lead to exculpatory evidence. Defense counsel indicated a two or three week continuance might be necessary.

Judge Goldman then addressed the defendant regarding the defendant's trial on other charges, which had also been scheduled for the following week. Following this discussion, Judge Goldman stated that he would not vacate the trial date. He added, "I will find the District Attorney to be in direct contempt of this Court and assess a fine in the amount of $250.00." Additionally, he ordered the district attorney to appear on March 1, 1985, to show cause why the case should not be dismissed.

At the hearing on the order to show cause, a deputy district attorney explained that this case was assigned to the major violators' section of the district attorney's office, which handles its own calendar. According to the deputy, if the major violators'

---

time for filing the brief has long since expired. NRAP 31(a). Cause appearing, this appeal shall stand submitted on the opening brief and the record on appeal, without oral argument. NRAP 34(f)(1).

[2]At the calendar call on February 27, 1985, the following exchange occurred:

> THE COURT: C68379, State versus Willie Lee Shannon. . . . Is this ready to go?
> MR. WOMMER: This case is being handled by the major violators' section of our office. I assume Mr. Harmon or Mr. Seaton will be down today.
> THE COURT: Well, this is fish or cut bait time. Ready to go or not?
> MR. WOMMER: I don't have a file.
> MS. BRASIER: Your Honor, it looks like we will not be ready to go. I received some information just yesterday concerning the conduct of the victim in this crime, recent conduct, where she has called relatives of the defendant offering to drop the case if he will give her certain things, and I think certainly that could be exculpatory evidence at trial. I figure it would take about two to three weeks to be able to get her—subpoena her phone bills and get the evidence we need.
> THE COURT: Trick or treat time. What do you want to do, Mr. Shannon?
> MS. BRASIER: He's got another trial scheduled for next week.

section wants one of the team deputies to make the appearance on a given case, the case file is sent over to the court. The deputy stated that a clerk in the major violators' section mistakenly failed to send the file to the court in this case. The team deputy who appeared before the court at the calendar call had no knowledge of the status of the case, and was therefore unable to answer the judge's questions. The deputy district attorney explained that due to the large number of cases handled by the district attorney's office, inadvertent mistakes sometimes occur. He pointed out, however, that there had not been any prejudice to the defendant, since the defendant was not ready to proceed to trial.

At the conclusion of the hearing, Judge Goldman quashed the order to show cause, but amended the contempt order, sua sponte, to indicate that the Office of the Clark County District Attorney was being fined rather than the district attorney personally. This appeal followed.

In the order of February 28, 1985, Judge Goldman held the district attorney in direct contempt of court because the deputy district attorney was "unable to announce to the court whether or not the State would be ready to try this case on the previously set trial date for March 4, 1985." Appellant contends that the conduct of the deputy district attorney cited by the district court in the contempt order did not constitute a contemptuous act. We agree.

NRS 22.010 and NRS 199.340 list the acts or omissions which constitute contempts.[3] The actions of the team deputy before

---

[3]NRS 22.010 provides:

22.010. The following acts or omissions shall be deemed contempts:

1. Disorderly, contemptuous or insolent behavior toward the judge while he is holding court, or engaged in his judicial duties at chambers, or toward masters or arbitrators while sitting on a reference or arbitration, or other judicial proceeding.

2. A breach of the peace, boisterous conduct or violent disturbance in the presence of the court, or in its immediate vicinity, tending to interrupt the due course of the trial or other judicial proceeding.

3. Disobedience or resistance to any lawful writ, order, rule or process issued by the court or judge at chambers.

4. Disobedience of a subpena duly served, or refusing to be sworn or answer as a witness.

5. Rescuing any person or property in the custody of an officer by virtue of an order or process of such court or judge at chambers.

6. Disobedience of the order or direction of the court made pending the trial of an action, in speaking to or in the presence of a juror concerning an action in which the juror has been impaneled to determine, or in any manner approaching or interfering with such juror with the intent to influence his verdict.

7. Abusing the process or proceedings of the court or falsely pretending to act under the authority of an order or process of the court.

NRS 199.340 provides:

Judge Goldman did not fall within any of the acts or omissions enumerated in NRS 22.010 or NRS 199.340. The team deputy was not disorderly, contemptuous or insolent. No breach of the peace, boisterous conduct or violent disturbance took place. The team deputy did not disobey or resist any lawful writ, order, rule or process issued by the court. He did not abuse the process or proceedings of the court. There was no showing that anyone connected with the Clark County District Attorney's Office deliberately or recklessly disregarded their duties with respect to the court. An oversight occurred, but it did not disrupt the court or prejudice the defendant. Under the circumstances here presented, the mere inability of the deputy to advise the district court as to the status of the case was insufficient to warrant a finding of contempt. *See, e.g.*, In re Monroe, 532 F.2d 424 (5th Cir. 1976).

Accordingly, we reverse the order of the district court holding the Clark County District Attorney's Office in contempt of court and imposing a fine of $250.00.

---

199.340. Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor:

1. Disorderly, contemptuous or insolent behavior committed during the sitting of the court, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority;

2. Behavior of like character in the presence of a referee, while actually engaged in a trial or hearing pursuant to an order of court, or in the presence of a jury while actually sitting in the trial of a cause or upon an inquest or other proceeding authorized by law;

3. Breach of the peace, noise or other disturbance directly tending to interrupt the proceedings of a court, jury or referee;

4. Willful disobedience to the lawful process or mandate of a court;

5. Resistance, willfully offered, to its lawful process or mandate;

6. Contumacious and unlawful refusal to be sworn as a witness or, after being sworn, to answer any legal and proper interrogatory;

7. Publication of a false or grossly inaccurate report of its proceedings; or

8. Assuming to be an attorney or officer of a court or acting as such without authority.